FILED
2017 Jul-17  AM 09:18
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **GEORGE D. BAKER,** | ) | ***JURY TRIAL REQUESTED*** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **L3 TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant**. | ) | |

## COMPLAINT

### JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 2000e *et seq*. This suit is authorized and instituted pursuant to Tile VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. "Title VII" and Executive Orders 13672 and 11246. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII and Executive Orders 13672 and 11246 providing for injunctive and other relief against gender and sexual harassment.

2.      Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety days

after receipt of the right-to-sue letter issued by the U.S. Department of Labor, Office of Federal Contract Compliance Programs (OFCCP) (Exhibit B).

## PARTIES

3.    Plaintiff, GEORGE DENNIS BAKER (hereinafter referred to as "Mr. Baker" and/or "Plaintiff"), is a citizen of the United States, and a resident of Daleville, Dale County, Alabama. Plaintiff was formerly employed by Defendant.

4.    Defendant, L3 TECHNOLOGIES, INC. (hereinafter referred to as "Defendant"), is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII, as well as, to the jurisdiction of the OFCCP. Defendant employs at least fifteen persons and has over $10,000.00 in Federal government contracts or subcontracts in one year and entered into or modified those contracts on or after April 8, 2015.

## FACTS

5.    Plaintiff began his employment with Defendant on January 31, 2005.

6.    At all times while employed with Defendant, Plaintiff performed his job duties in a competent manner.

7.    Defendant last employed Plaintiff on May 11, 2016, as an Electronic Technician.

## COUNT ONE – TITLE VII – SEXUAL HARASSMENT

8.    Plaintiff re-alleges paragraphs one through seven of the Complaint as if fully set forth herein.

9.      Plaintiff is a male.

10.     Plaintiff is homosexual.

11.     As early as 2012 Plaintiff notified and informed Defendant, through its managers, that he was subjected to harassment in the workplace.

12.     One specific instance of such harassment was an altercation Plaintiff had with co-worker that resulted in Plaintiff receiving a "write-up." The co-worker called Plaintiff "Boy George" and an altercation ensued.

13.     The incident was one of several instances where Plaintiff was referred to as "Boy George" and/or "Denise."

14.     Another specific instance was when a co-worker of the Plaintiff claimed to have found a Craiglist ad allegedly of the Plaintiff seeking a relationship with other men.

15.     Once Plaintiff's co-worker learned of the ad, they began spreading gossip and rumors about the Plaintiff to other employees of the Defendant.

16.     The Defendant, through management, was aware of this instance.

17.     Furthermore, co-workers of the Plaintiff continuously made comments regarding his dress and mannerisms. These comments generally described the Plaintiff as effeminate.

18.     These types of instances regarding co-workers were ongoing and pervasive. They occurred weekly.

19.     The co-workers targeted the Plaintiff because of his gender and how they expected men to dress and act.

20.     The Defendant, through its managers, knew these comments were being made by co-workers of the Plaintiff, as the Plaintiff reported them on multiple occasions, as early as 2012.

21.     Even after learning of these specific instances of harassment, the Defendant failed to discuss anti-harassment procedures with employees or take any other corrective action to address the harassment.

22.     Defendant's actions in failing to protect Plaintiff from sexual harassment committed by his co-workers, the Defendant's employees, was a violation of Title VII and Executive Orders 13672 and 11246.

23.     As a result of Defendant's violation of Title VII and Executive Orders 13672 and 11246, Plaintiff has been damaged, suffering mental anguish and forced to resign his job, thus losing pay and benefits.

## COUNT TWO – TITLE VII - RETALIATION

24.     Plaintiff re-alleges paragraphs one through seven of this Complaint as if fully set forth herein.

25.     In April of 2016, the Plaintiff complained to management of the Defendant regarding the ongoing harassment listed in the preceding paragraphs.

26.     In May of 2016, the Plaintiff was notified his employment with the Defendant would be terminated.

27.     In lieu of termination, the Plaintiff resigned.

28.     The Defendant was going to terminate the Plaintiff because he complained about the harassment he was enduring due to his sex and/or sexual orientation.

29.     Defendant acted in violation of Title VII and Executive Orders 13672 and 11246, by terminating and/or constructively discharging Plaintiff's employment with the company effective May 11, 2016.

30.     Defendant acted in violation of Title VII and Executive Orders 13672 and 11246, by creating a retaliatory hostile work environment as a result of Plaintiff engaging in statutorily protected activity.

31.     As a result of the Defendant's retaliatory actions in violation of Title VII and Executive Orders 13672 and 11246, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

a)   Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII and Executive Orders 13672 and 11246.

b)   Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII and Executive Orders 13672 and 11246.

c)   Enter an Order requiring Defendant to make Plaintiff whole by

awarding him front-pay, back pay (plus interest) compensatory damages, punitive damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

      d)  Enter a permanent injunction enjoining the Defendant from consideration for future federal contracts and have the Defendant's current contracts modified and/or cancelled.

      e)  Plaintiff further prays for such relief and benefits as the cause of justice may require, including, but not limited to, an awared of costs, attorneys' fees and expenses.

Respectfully Submitted,

Garrett Dennis (ASB-1211-K40A)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
221 Longwood Dr. SW
Huntsville, AL 35801
Phone:          (205) 983-8144
Facsimile:      (205) 983-8444
Email:          gdennis@asilpc.com

"A"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | 420-2016-02737 |
| X | EEOC | |

and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. George D. Baker | (334) 379-3139 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 5705 County Road 1 Daleville AL 36322 | | 12/19/59 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| L3 Communications | Over 500 | (334) 598-1531 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3rd Avenue Building 5440 Room 407B   Fort Rucker Alabama 36362-5109 | | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| | RACE | | COLOR | X | SEX | | RELIGION | X | AGE |
|---|---|---|---|---|---|---|---|---|---|
| X | RETALIATION | | NATIONAL ORIGIN | | DISABILITY | | OTHER (Specify) | | |

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)        LATEST (ALL)

Terminated 5/11/16

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working for Respondent on 1/31/05 as an Electronic Technician and remained employed there until I was forced to resign to avoid being terminated on 5/11/16. I was harassed, discriminated against and terminated because of my age, sex, sexual orientation and in retaliation for objecting to discrimination and harassment.   During my employment on a constant and continuous basis I was subjected to harassment based on my sex, sexual orientation and age.  As to the age, employees and supervisors have made comments such as calling me grandpa, old man, dirty old-old man, asked when I was going to retire and said I was as old as Methuselah.  On the sexual orientation I have been teased and harassed, called deorogatory gay slurs, and made fun of because I am effeminate.  As to the gender I have been harassed and discriminated against because I did not conform to Respondent's idea of how a man should act.   As recently as April 2016 I complained to management about the above described harassment and discrimination.  On 5/3/16, HR Director Rick McGill, told me that employee complaints had been filed against me for allegedly masturbating in the restroom, which I immediately stated was false.  On 5/11/16 I was forced to resign my employment.  Non gay employees and managers engaged in lewd behavior of which management is aware and they were not fired. I was harassed and fired because of my sexual orientation, my gender, my age and in retaliation for objecting and complaining of these discriminatory practices.

| I want this charge filed with both the EEOC and the State or local Agency, If any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| Date 7/1/16    Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)    RECEIVED |

JUL 0 1 2016

E.E.O.C.
BIRMINGHAM DISTRICT

"B"

U.S. Department of Labor

Office of Federal Contract Compliance Programs
Birmingham District Office
950 22 Street, North, Room 660
Birmingham, Alabama 35203



**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED AND ELECTRONIC MAIL**

May 16, 2017

George D. Baker                                    COMPLAINANT
5705 County Road 1
Daleville, Alabama 36322

L3 Technologies, Inc.                              CONTRACTOR
600 Third Avenue
New York City, New York, 10016

OFCCP Complaint: I00200869

## NOTIFICATION OF RESULTS OF INVESTIGATION

On August 29, 2016, the U.S. Department of Labor, Office of Federal Contract
Compliance Programs (OFCCP) conducted an investigation on the allegations
harassment, termination, and retaliation based on sex and/or sexual orientation in the
complaint of George D. Baker, filed on July 11, 2016. The investigation resulted in the
following findings:

1.    L3 Technologies, Inc. ("L3" or "the Company" or "the contractor" ) is a non-
      exempt government contractor subject to the requirements of Executive Order
      11246, as amended, and Title VII of the Civil Rights Act of 1964, as amended.
      Furthermore, amended regulations that prohibit federal contractors and
      subcontractors from discriminating on the basis of sexual orientation and gender
      identity, effective April 8, 2015, apply to covered contracts L3 entered into or
      modified.

2.    George D. Baker ("Complainant") identifies as a homosexual male and is covered
      on the basis of sex and/or sexual orientation by Executive Order 11246, as
      amended, and Title VII of the Civil Rights Act of 1964, as amended. Prior to his
      resignation on May 11, 2016, Complainant worked as an Electronic Technician
      for L3's Fort Rucker, AL location.

**Notice of Results of Investigation**

3.      The Complainant alleges the following:

   **Harassment:** The Complainant alleges that he was harassed due to his sex and/or sexual orientation. Specifically, the Complainant alleges that his coworkers would harass him for being "effeminate" and make slurs related to his sexual orientation.[1]

   **Termination and Retaliation:** The Complainant alleges that he was terminated due to his sex and/or sexual orientation. Specifically, the Complainant alleges that L3 used allegations about him engaging in lewd behavior in the workplace as a pretext to terminate him based on his sex and/or sexual orientation. Complainant denies engaging in lewd acts in the company restroom. He states that the noises his colleagues overheard were related to a medical condition which causes him to make loud noises while using the restroom. Complainant also alleges that his termination is retaliation for him complaining about his harassment and discrimination at work.

4.      L3 denies Complainant's allegations. It states that Complainant violated Section 3.25 of the Company's Standards of Conduct and Employee Performance Improvement Procedure. This policy reads as follow: "Engaging in any other conduct which, in judgement of the company, is deemed unacceptable to the company's business posture, the community, customer relations, suppliers, visitors or norms of industrial behavior." Specifically, it indicates that five people reported that the Complainant was engaging in lewd acts in the workplace restroom. Four of the witnesses worked for another contractor (not L3) at the workplace, while the fifth witness was a co-worker at L3. L3 conducted an investigation of these allegations, and found the witnesses to be credible. L3 states that these allegations were the basis for Complainant's termination, not his sex and/or sexual orientation. The Company further states that Complainant never filed a complaint about harassment or discrimination with the Company during his employment.

5.      OFCCP conducted a thorough investigation of Complainant's allegations, including interviewing management and non-management employees, conducting an onsite visit of the facility, and reviewing relevant records. Our investigation revealed the following:

---

[1] Complainant provided examples such as being called "sissy" and "Boy George," and being referred to as Denise instead of Dennis (Complainant commonly uses his middle name, Dennis, in the workplace). Other examples include coworkers responding to him stating "yes ma'am" instead of "yes sir," and coworkers accusing Complainant of wearing perfume instead of cologne. He also alleged that coworkers would make comments about him knowing about "toss salad" and inquiring about whether he "taps his foot in the restroom"- terms Complainant indicated were derogatory statements about sexual acts amongst homosexual men.

**Notice of Results of Investigation**

### Background on Complainant's Employment and Termination

Prior to his termination, Complainant worked as an Electronic Technician for L3's Fort Rucker, AL facility. In April 2016, a manager for another contractor working in the building overheard his employees discussing how they witnessed the Complainant engaging in a lewd act in the restroom.[2] These incidents were reported to management officials who then notified the Noncommissioned Officer in Charge at the Directorate of Simulations for the facility. This official then notified L3, and the witnesses were asked to provide written witness statements about the incident. L3 then initiated a formal investigation into the allegations, and suspended the Complainant, pending the results of the investigation. L3 continued its investigation, concluded that the witnesses were credible, and received higher level approval to terminate the Complainant. In lieu of termination, Complainant resigned on May 11, 2016.

### OFCCP's Findings

Though not finding evidence to substantiate Complainant's termination and retaliation claims, OFCCP finds that there is sufficient evidence to support Complainant's harassment allegations. While managers denied knowing about any harassment, OFCCP reviewed L3 records which indicated that as early as 2012, Complainant had informed managers that he was subjected to harassment in the workplace. Specifically, Complainant received a disciplinary write-up after getting into an altercation with a co-worker. The write-up indicated that the argument was due to Complainant making comments about the co-worker's weight. However, L3's records also show that following the write-up, Complainant indicated to management that the argument was in part due to him constantly being subjected to harassment, and management failing to take any action to address these problems. During OFCCP's investigation, Complainant stated that he specifically informed management that part of the altercation was due to the co-worker calling him "Boy George." While the records did not specify the nature of all of the alleged harassment, our interviews were largely consistent with the Complainant's account and revealed that this harassment was ongoing and not an isolated incident.

For example, employees confirmed a number of instances in which Complainant was called derogatory names such as "Boy George" and "Denise." Our investigation also revealed an incident in which employees circulated and gossiped about a Craigslist ad allegedly of the Complainant seeking a relationship with other men. Complainant did not provide this information to his coworkers, as our interviews revealed that a coworker claimed to have found the ad with a

---

[2] Specifically, the first employee to reveal what he alleged witnessing indicated that around February 2016, the Complainant entered the restroom stall next to him, and he heard noises consistent with masturbation. The employee stated that he was sure it was the Complainant, as he exited the restroom, waited and watched the Complainant leave. He never saw anyone else exit the restroom. Four other witnesses alleged similar incidents at different times.

**Notice of Results of Investigation**

picture of the Complainant on Craigslist.   OFCCP reviewed L3's personnel records which confirmed that management was aware of this incident. OFCCP found no evidence of L3 taking corrective action to address this type of behavior.

Our investigation also revealed that prior to his termination, many of the Complainant's colleagues and others at the facility knew about his sexual orientation and/or described him as effeminate. For example, four of the five witnesses who made the lewd act allegations knew or perceived the Complainant to be a homosexual prior to submitting their written statements. When asked about how they were aware of Complainant's sexual orientation, they noted rumors from other coworkers or stated that they made an assumption based on Complainant's attire and demeanor. The other witness indicated he was not certain of Complainant's sexual orientation, but stated that he had heard rumors from other coworkers that the Complainant was homosexual. However, OFCCP found no evidence that these witnesses made their allegations due to Complainant's sex and/or sexual orientation or mentioned Complainant's sexual orientation to management during the lewd acts investigation or any prior occasion. There was also no evidence that other workers were accused of similar acts, and then treated more favorably than Complainant.

Therefore, while the investigation revealed harassing conduct, the evidence does not support Complainant's allegations regarding termination and retaliation.

Conclusion

Based on the above, OFCCP finds that there is sufficient evidence that Complainant was subjected to a pattern and practice of harassment in the workplace, and that L3 failed to discuss anti-harassment procedures with employees or take any other corrective action to address this harassment. However, OFCCP did not find sufficient evidence to show that Complainant was terminated as a result of reporting this harassment, or that his termination was based on sex and/or sexual orientation.

Accordingly, Complainant is issued a Notice of Right to Sue on his allegations, and L3 must enter into a Conciliation Agreement with OFCCP to ensure a workplace free of harassment. Compliance Officer Patrice Kelly from this office will be in contact with L3 by May 31, 2017 to begin the conciliation process.

Notice of Right-to-Sue

Complainant may file a lawsuit against the contractor under Title VII of the Civil Rights Act of 1964, as amended. Complainant's lawsuit must be filed within 90 calendar days of receipt of this Notice of Results of Investigation, or his right to sue will be lost. Please see the enclosed information sheet on filing lawsuits for further information.

**Notice of Results of Investigation**

This concludes the processing of this complaint by this office.

On behalf of the United States Department of Labor,

Alvin Q. Mitchell
District Director- Birmingham
Office of Federal Contract Compliance Programs

05/16/17
Date

cc:

Jon Goldfarb,
Wiggins, Childs, Pantazis, Fisher & Goldfarb
jgoldfarb@wigginschilds.com

Cyril Puthoff,
VP of Human Resources
Cyril.Puthoff@l-3com.com

Rick Magill, HR Director
Link Simulation and Training
richard.magill@l-3com.com

Equal Employment Opportunity Commission (EEOC),
Birmingham District Office
Ridge Park Place, 1130 22nd Street South, Suite 2000
Birmingham, AL 35205

Enclosure:                   Information Related to Filing Suit under Title VII and the ADA

## INFORMATION RELATED TO FILING SUIT
## UNDER TITLE VII AND TITLE I OF THE ADA

This information relates to filing suit in federal or state court under federal law. If you also plan to sue claiming violations of state law, please be aware that time limits and other provisions of state law may be shorter or more limited than those described below.

**PRIVATE SUIT RIGHTS – Title VII of the Civil Rights Act of 1964, as amended (Title VII) or the Americans with Disabilities Act of 1990, as amended (ADA)**

In order to pursue this matter further, you must file a lawsuit against the contractor(s) named in the complaint **within 90 calendar days of receipt of Notice of Right-to-Sue.** Once this 90-day period expires, your right to sue based on the complaint covered by this Notification will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notification.

Your lawsuit may be filed in U.S. District Court or a state court of competent jurisdiction. (Usually, the appropriate state court is the general civil trial court.) Whether you file in federal or state court is a matter for you to decide after talking to your attorney. Filing this Notification is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the complaint or, to the extent permitted by court decisions, matters like or related to the matters alleged in the complaint. Generally, suits are brought in the state where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the contractor has its main office. If you have simple questions, you usually can get answers from the Clerk of the court where you are bringing suit, but do not expect them to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS – Equal Pay Act (EPA)**

EPA suits must be filed in court within two years (three years for willful violations) of the alleged EPA underpayment; back pay due for violations that occurred **more than two years (three years for willful violations) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from July 1, 2003 to December 1, 2003, you should file suit before July 1, 2005 (not December 1, 2005) in order to recover unpaid wages due for July 2003. This EPA time limit is separate from the 90-day filing period under Title VII or the ADA referenced above. Therefore, if you also plan to sue under Title VII or the ADA, in addition to suing on the EPA claim, suit should be filed within the Title VII/ADA 90-day period and within the two or three year EPA back pay recovery period.

**ATTORNEY REPRESENTATION – Title VII and the ADA**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, help you to obtain a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires. (You should be prepared to explain in detail your efforts to retain an

attorney.) Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 calendar days.

**ATTORNEY REFERRAL AND ASSISTANCE – All Statutes**

If you need help in finding a lawyer or if you have any questions about your legal rights, including information regarding whether the U.S. District Court can hear your case, you may contact Patrice Kelly, Office of Federal Contract Compliance Programs (OFCCP) Compliance Officer at (205) 731-0820 who will coordinate with the Equal Employment Opportunity Commission (EEOC) to promptly get that information for you. If you need to inspect or obtain a copy of information in OFCCP's file, please request it promptly in writing and provide the OFCCP complaint number. If you file suit and want to review the complaint file, **please make your review request within six months of this Notice.** (Before filing suit, any request should be made within 90 calendar days of the date of the Notification of Results of Investigation.)

If you file suit, please send a copy of your court Complaint to the EEOC, Birmingham District Office at Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205.